WILLARD K. TOM
General Counsel

ROBERT J. SCHROEDER
Regional Director

LAURA M. SOLIS, WA State Bar No. 36005
NADINE S. SAMTER, WA State Bar No. 23881
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
Phone: (206) 220-4544 (Solis)
Phone: (206) 220-4479 (Samter)
Facsimile: (206) 220-6366
Email: lsolis@ftc.gov
       nsamter@ftc.gov

KERRY O'BRIEN, CA State Bar No. 149264
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: (415) 848-5189
Facsimile: (415) 848-5142
Email: kobrien@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DR PHONE COMMUNICATIONS, INC., also d/b/a DR Phone Communications Company, Inc., Phone Communications, Inc., and DRphonecom.com, and<br><br>DAVID ROSENTHAL, individually and as an officer of DR Phone Communications, Inc.,<br><br>Defendants. | Case No. CV 12 2631<br><br>**TEMPORARY RESTRAINING ORDER (PROPOSED)** |

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a Complaint for Injunctive and Other Equitable Relief ("Complaint") and has moved, pursuant to Federal Rule of Civil Procedure 65, for a Temporary Restraining Order ("TRO") and Preliminary Injunction With Other Equitable Relief against the defendants, DR Phone Communications, Inc., and David Rosenthal (collectively "Defendants").

## FINDINGS

The Court has considered the pleadings, exhibits, and memoranda filed in support of the FTC's Motion, and Defendants' responses thereto, and finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto;

2. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action;

3. There is good cause to believe that, in connection with the advertising, marketing, promotion, offering for sale, or sale of prepaid calling cards, Defendants have: (1) represented that consumers who purchase Defendants' prepaid calling cards will receive a specified number of calling minutes to specific destinations when, in fact, Defendants' prepaid calling cards generally do not deliver the promised number of calling minutes; and (2) failed to disclose or disclose adequately to consumers that fees will reduce the value of the prepaid calling cards, which in turn will reduce the number of calling minutes provided to call specific destinations, and such information would be material to consumers in deciding whether to purchase Defendants' prepaid calling cards;

4. There is good cause to believe that Defendants will continue to engage in such unlawful actions if they are not immediately restrained from doing so by Order of this Court;

5. Weighing the equities and considering the FTC's likelihood of ultimate success, it is in the public interest that the Court enter a Temporary Restraining Order that: (1) enjoins Defendants from making misrepresentations and from failing to disclose or disclose adequately

fees and charges; (2) appoints a Temporary Monitor; (3) requires Defendants to preserve their business records and provide to the FTC a financial and business accounting; and (4) provides other equitable relief; and

6. No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Corporate Defendant"** means DR Phone Communications, Inc., d/b/a DRphonecom.com, and its officers, directors, managers, members, shareholders, agents, servants, employees, attorneys, divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

2. **"Individual Defendant"** means David Rosenthal.

3. **"Defendants"** means, individually, collectively, and in any combination: (a) each Corporate Defendant; (b) each Individual Defendant. Furthermore, any person insofar as he or she is acting in the capacity of an officer, director, manager, member, shareholder, agent, servant, employee, or attorney of Corporate Defendant or Individual Defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise, is bound to comply with this Order, see Fed. R. Civ. P. 65(d), whether these persons or entities are acting directly or through a trust, corporation, subsidiary, division, or other device.

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and encompasses both paper documents and electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by Defendants into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. **"Clear and prominent"** shall mean as follows:

Temporary Restraining Order - Page 3

A. In a print advertisement or other promotional materials, the disclosure shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears. In multi-page documents, the disclosure shall appear on the cover or, alternatively, on the first page where any price representation or representation regarding calling time is made.

B. In an advertisement communicated through an electronic medium (such as television, video, radio, and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and video portions of the advertisement. Provided, however, that in any advertisement presented solely through video or audio means, the disclosure may be made through the same means in which the advertisement is presented. The audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. The video disclosure shall be of a size and shade, and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend it. In addition to the foregoing, in interactive media, the disclosure shall also be unavoidable and shall be presented prior to the consumer incurring any financial obligation.

C. On a product label or prepaid calling card, the disclosure shall be in a type size and location on the principal display panel sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it will appear.

D. The disclosure shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement or calling card label.

6. **"PIN"** means a unique personal identification number assigned to a Prepaid Calling Card to access the value of the Prepaid Calling Card.

7. **"Fees and Charges"** means any fees or charges assessed in connection with the use of a Prepaid Calling Card, including, but not limited to, any maintenance fee, weekly fee, monthly fee, connection fee, payphone fee, cell phone fee, access number fee, service fee, hang-up fee, or expiration date.

Temporary Restraining Order - Page 4

8. **"Marketing Materials"** means any poster, sign, bulletin, Internet website, advertisement, in-store display, packaging, prepaid calling card, offer of sale, or other promotional material.

9. **"Prepaid Calling Card"** means a card or information providing the right to make one or more telephone calls that are paid for in advance. Such right to make prepaid telephone calls may be embodied on a card or other physical object or may be purchased by an electronic means, such as over the Internet, through which the purchaser obtains information, such as access and authorization codes, that are not physically located on a card or other object.

## ORDER

### I.

### MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants, directly or indirectly through any subsidiary, distributor, agent, or other device, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the marketing, advertising, promotion, distribution, offer for sale, or sale of Prepaid Calling Cards, are hereby temporarily restrained and enjoined from falsely representing, expressly or by implication, the number of calling minutes a consumer will obtain by using a Prepaid Calling Card.

### II.

### FAILURE TO DISCLOSE

**IT IS FURTHER ORDERED** that Defendants, directly or indirectly through any subsidiary, distributor, agent, or other device, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the marketing, advertising, promotion, distribution, offer for sale, or sale of Prepaid Calling Cards, are hereby temporarily restrained and enjoined from making any representations, expressly or by implication, regarding the number of calling minutes provided and/or the value of a Prepaid Calling Card, while failing to make a clear and prominent disclosure of all material limitations on the use of such Prepaid Calling Card,

including, but not limited to, the existence and specific amount of any Fees and Charges that will be assessed in connection with the use of such Prepaid Calling Card.

## III.

## APPOINTMENT OF TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that David A. Bradlow is appointed as Temporary Monitor for the Corporate Defendant. The Temporary Monitor shall be the agent of this Court, and solely the agent of this Court, in acting under this Order. The Temporary Monitor shall be accountable directly to this Court.

## IV.

## TEMPORARY MONITOR'S DUTIES AND AUTHORITY

**IT IS FURTHER ORDERED** that the Temporary Monitor shall have the following duties and authority:

    A.    Monitor Defendants' compliance with this Order by: (1) identifying and reviewing Corporate Defendant's Marketing Materials, call logs, call detail records, rate decks, reports, or other documents that reflect advertised versus actual delivered minutes and disclosures of Fees and Charges for Corporate Defendant's Prepaid Calling Cards; and (2) whatever other means the Temporary Monitor finds appropriate;

    B.    Identify and review Corporate Defendant's corporate records and financial transactions as they relate to the practices charged in the FTC's complaint;

    C.    The Temporary Monitor shall have immediate, unfettered access to all information or documents the Temporary Monitor deems necessary to carry out the Temporary Monitor's duties pursuant to this Order, to the same extent as Corporate Defendant itself is allowed by right, contract, or practice, including, but not limited to:

        i.    Access to all documents pertaining to Corporate Defendant's business activities and finances, wherever located and in whoever's custody or control;

        ii.    Access to all property or premises in possession of, owned by, or under the control of Corporate Defendant, wherever located;

     iii. The right to interview any current or former employee of Corporate Defendant;

     iv. The right to interview any current or former officer, manager, independent contractor, subcontractor, financial institution, vendor, telecommunications provider, agent, service bureau, or other entity involved in the provision of any services from, to, or on behalf of Corporate Defendant; and

     v. Access to all documents of any officer, manager, independent contractor, employee, or agent of Corporate Defendant; and

  D. The Temporary Monitor is authorized to choose, engage, and employ attorneys, investigators, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Monitor deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

## V.

## REPORTING BY THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that the Temporary Monitor may, if deemed appropriate, submit a Report to this Court and to the parties describing Corporate Defendant's business activities, including:

  A. Defendants' compliance with this Order;

  B. A review of the accounting of Corporate Defendant's financial transactions as they relate to the practices charged in the FTC's complaint; and

  C. A description of Corporate Defendant's corporate structure, including all parents, subsidiaries (whether wholly or partially owned), divisions (whether incorporated or not), affiliates, branches, charters, joint ventures, partnerships, franchises, operations under assumed names, any entities over which the Defendants exercise supervision and control, and all ownership interests of Corporate Defendant and any of the entities described above.

## VI.

## COOPERATION WITH THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that Defendants and all persons or entities served with a copy of this Order shall fully cooperate with and assist the Temporary Monitor. This cooperation and assistance shall include, but not be limited to, providing information to the Temporary Monitor that the Temporary Monitor deems necessary to discharge the responsibilities of the Temporary Monitor under this Order; and providing any password required to access any computer, electronic file, or telephone data in any medium. Defendants are hereby restrained and enjoined from directly or indirectly:

    A.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of Corporate Defendant; or

    B.    Failing to provide any assistance or information requested by the Temporary Monitor in connection with the performance of the Temporary Monitor's duties under this Order.

## VII.

## REPORTING TO THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company, or corporation, without first providing the Temporary Monitor with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VIII.

## COMPENSATION OF TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that the Temporary Monitor and all personnel hired by the Temporary Monitor, including counsel to the Temporary Monitor and accountants, are

entitled to reasonable compensation at the rate of $425 per hour for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets of Corporate Defendant. The Temporary Monitor shall file with the Court and serve on the parties a request for the payment of such reasonable compensation following the Preliminary Injunction hearing in this case.

## IX.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, mutilating, concealing, altering, transferring, falsifying, writing over, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records of any kind that relate to the business practices or business or personal finances of Defendants or other entity directly or indirectly under the control of Defendants, including, but not limited to, any and all Marketing Materials, World Wide Web pages, consumer complaints, rate decks, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers; bank statements, calendars, appointment books, and tax returns; and

B. Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions, and use of monies by any Defendant or other entity directly or indirectly under the control of any Defendant.

# X.

## FINANCIAL AND BUSINESS ACCOUNTING

**IT IS FURTHER ORDERED** that within ten (10) calendar days after service of this Order:

A. Individual Defendant shall complete and deliver to the FTC the Financial Statement captioned "Financial Statement of Individual Defendant," a copy of which is attached hereto as Attachment A, and any tax returns, bank statements, or other documentation supporting the financial information provided therein;

B. Corporate Defendant shall complete and deliver to the FTC and the Temporary Monitor the Financial Statement captioned "Financial Statement of Corporate Defendant," a copy of which is attached hereto as Attachment B, and any tax returns, bank statements, or other documentation supporting the financial information provided therein. Individual Defendant shall be jointly and severally liable for this obligation; and

C. Defendants also shall provide the FTC and the Temporary Monitor with the following information, from January 1, 2010, to the date of Defendants' full and complete compliance with this Order, concerning Corporate Defendant: (1) total gross sales revenues on a monthly basis derived from the sale of prepaid calling cards; (2) an itemization of total gross operating expenses on a monthly basis; (3) gross operating expenditures on a monthly basis per category, including but not limited to payroll, advertising, marketing, utilities, and property leases; and (4) gross capital expenditures.

# XI.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each distributor, sub-distributor, subsidiary, telecommunications service provider, division, sales entity, successor, assign, officer, director, member, manager, employee, independent contractor, client retailer, client company, agent, and attorney of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the FTC and Temporary Monitor with a sworn statement that this provision of the Order has been satisfied, which

statement shall include the names, physical addresses, phone number, and email addresses, of each such person or entity who received a copy of the Order.

## XII.
## **CONSUMER REPORTS**

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC.

## XIII.
## **PRELIMINARY INJUNCTION HEARING**

**IT IS FURTHER ORDERED** that this matter is set down for hearing before this Court, Courtroom ____, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102, on Plaintiff's motion for preliminary injunction on the _____ day of _____, 2012, at ___ .m. (Pacific Time). At that time, each of the Defendants shall appear before this Court to show cause, if any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), continuing the appointment of the Temporary Monitor, and imposing such additional relief as may be appropriate.

## XIV.
## **BRIEFS AND OTHER MATERIALS CONCERNING PRELIMINARY INJUNCTION**

**IT IS FURTHER ORDERED** that Defendants shall each serve on the Commission all memoranda, affidavits, and other evidence on which they intend to rely at the preliminary injunction hearing set in this matter no later than 4:00 p.m. (Pacific Time) on _____, 2012, and, if applicable, the Commission shall serve on Defendants any additional memoranda, affidavits, and other evidence on which they intend to rely at the preliminary injunction hearing set in this matter no later than 4:00 p.m. (Pacific Time) on _____, 2012. Service of all such memoranda, affidavits, or other evidence

of any motions, correspondence, or pleadings related to this Order shall be by overnight or hand delivery or by electronic mail, unless the parties agree otherwise.

## XV.

## MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least three (3) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, *provided* that service shall be performed by personal or overnight delivery or by facsimile, and Documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Pacific Time) on the appropriate dates provided in this Section.

## XVI.

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _____, 2012, at \_\_\_\_.m. (Pacific Time) unless within such time,

the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XVII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, partner, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, fulfillment house, call center, and representative of Defendants, and within ten (10) calendar days following service of this Order by the Commission, shall serve upon Laura Solis, Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, WA 98174, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Defendants have served with a copy of this Order in compliance with this provision.

## XVIII.

## SERVICE OF THIS ORDER BY PLAINTIFF

**IT IS FURTHER ORDERED** that copies of this Order may be served by electronic mail, facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on (1) Defendants, or (2) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

## XIX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this _____ day of _____, 2012, at _____ .m.

_____
UNITED STATES DISTRICT JUDGE


Respectfully submitted,

*Laura Solis*
LAURA M. SOLIS
NADINE S. SAMTER
Attorneys for Plaintiff Federal Trade Commission