DAVID C. SHONKA
Acting General Counsel

ROBERT J. SCHROEDER
Regional Director

LAURA M. SOLIS, WA State Bar No. 36005
NADINE S. SAMTER, WA State Bar No. 23881
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
Phone: (206) 220-4544 (Solis)
Phone: (206) 220-4479 (Samter)
Facsimile: (206) 220-6366
Email: lsolis@ftc.gov
nsamter@ftc.gov

KERRY O'BRIEN, CA State Bar No. 149264
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: (415) 848-5189
Facsimile: (415) 848-5142
Email: kobrien@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DR PHONE COMMUNICATIONS, INC., also d/b/a DRphonecom.com, and<br><br>DAVID ROSENTHAL, individually and as an officer of DR Phone Communications, Inc.,<br><br>Defendants. | Case No. C-12-2631-SC<br><br>**[~~PROPOSED~~] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief [ECF No. 1] ("Complaint") against defendants DR Phone Communications, Inc., also d/b/a DRphonecom.com, and David Rosenthal (collectively, "Defendants") on May 22, 2012, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).

Defendants, having been represented by counsel, and acting by and through said counsel, have consented to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order") without a trial or adjudication of any issue of law or fact herein. The FTC and Defendants hereby request the Court to enter this Order to settle and resolve all matters of dispute between the FTC and Defendants in this action.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Pursuant to this Section, the FTC has the authority to seek the relief contained herein.

2. This Court has jurisdiction over the subject matter of this case, and it has jurisdiction over all parties hereto pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in the Northern District of California pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

4. The acts and practices of the Defendants, as alleged in the Complaint, are in or affecting commerce, as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The facts that the FTC has stated in its Complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

6. Defendants have entered into this Order freely and without coercion, and they each acknowledge that they have read the provisions of this Order and are prepared to abide by them.

7. The undersigned, individually and by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute arising from the conduct of the Defendants alleged in the Complaint in this action, up to the date of entry of this Order.

8. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and waive and release any claim they may have against the FTC, its employees, representatives, or agents.

9. Defendants all agree that this Order does not entitle them individually or collectively to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and they further waive any rights to attorneys' fees that may arise under said provisions of law. The FTC and Defendants shall each bear their own costs and attorneys' fees incurred in this action.

10. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment.

11. This Order settles all matters of dispute between the FTC and Defendants in this action. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

12. Defendants neither admit nor deny any of Plaintiff's allegations, other than admitting the venue and jurisdictional facts, and except as set forth in Section III.F of this Order.

13. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Additional Charge"** means any and all charges, other than a per minute rate, assessed for any use of a Prepaid Calling Card. The term "Additional Charge" includes, but is not limited to, maintenance fees, weekly fees, monthly fees, connection fees, hang-up fees, payphone fees, cell phone fees, access number fees, and charges, fees, taxes, or surcharges required or permitted by law or regulation.

2. **"And"** and **"or"** shall be understood to have both conjunctive and disjunctive meanings.

3. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including but not limited to asset protection trusts, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank.

4. **"Assisting others"** includes, but is not limited to, providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind, including but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; (5) providing customer relationship management services or products; (6) providing accounting or financial management services; or (7) processing credit and debit card payments.

5. **"Clear and prominent"** shall mean as follows:

a. In a print advertisement, promotional material (including all Point-of-Sale Materials), or instructional manual, the disclosure shall be in a type

size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears.

b. In an advertisement communicated through an electronic medium (including, but not limited to, television, video, radio, and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and video portions of the advertisement. *Provided, however,* that in any advertisement presented solely through video or audio means, the disclosure may be made through the same means in which the relevant claim is presented. The audio disclosure shall be delivered in a volume, speed, and cadence sufficient for an ordinary consumer to hear and comprehend it. The video disclosure shall appear on the screen in a type size and location, as well as for a duration, sufficient for an ordinary consumer to read and comprehend it in a print that contrasts with the background against which it appears. In addition to the foregoing, in interactive media the disclosure shall also be unavoidable and shall be presented prior to the consumer incurring any financial obligation.

c. On the Prepaid Calling Card and its packaging, the disclosure shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears.

d. The disclosure shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement, promotional material, Prepaid Calling Card, or its packaging.

6. **"Corporate Defendant"** means DR Phone Communications, Inc., also d/b/a DRPhonecom.com, and its successors and assigns.

7. **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

8. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and encompasses both paper documents and electronically stored information, including: writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail, instant messages and text messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9. **"Individual Defendant"** means David Rosenthal.

10. **"Material"** means any information or fact that is likely to affect a consumer's choice of, or conduct regarding, a product or service.

11. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, limited liability company, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

12. **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

13. **"Point-of-Sale Material"** means any poster, sign, bulletin, advertisement, "take one" card, hang-tag, tear-away, or other promotional material that is displayed at a location

where a Prepaid Calling Card is sold; such locations include, but are not limited to, stores, kiosks, and vending machines, as well as online points of sale.

14. **"Prepaid Calling Card"** means a card or other means that can be used to make one or more telephone calls that is or are represented as being paid for prior to placing the telephone call.

15. **"Rate"** means the applicable per minute rate for each individual destination served by a Prepaid Calling Card.

16. **"Talk Minutes"** means the number of calling minutes actually delivered by a Prepaid Calling Card to a particular destination.

## ORDER

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that, in connection with the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards, Defendants and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, distributor, or other device, are hereby permanently restrained and enjoined from:

A. Making, or assisting others in making, any material misrepresentation, either expressly or by implication, including, but not limited to, a misrepresentation concerning the Talk Minutes and/or Rate; and

B. Failing to make clear and prominent disclosure of all material limitations in any advertisement, promotional material, instructional manual, packaging, or Prepaid Calling Card, if such advertisement, promotional material, instructional manual, packaging, or Prepaid Calling Card contains any express or implied representation regarding (i) the specific value (*e.g.*, $5) of a Prepaid Calling Card, (ii) the Talk Minutes and/or Rate, or (iii) any fee or charge

or the absence thereof (*e.g.*, "No Connection Fees"). Such material limitations include, but are not limited to, the following, if applicable:

1. The existence and amount of all fees or charges of any type, including, but not limited to, maintenance fees, weekly fees, monthly fees, connection fees, hang-up fees, payphone fees, cell phone fees, access number fees, and when and under what circumstances such fees or charges will apply when using a Prepaid Calling Card;
2. That the number of advertised Talk Minutes and/or Rates are only available on a single call;
3. Any limit on the period of time during which the number of advertised Talk Minutes and/or Rates are available; and
4. When a Prepaid Calling Card expires.

All disclosures required by this Section to be made in any advertisement, promotional material, instructional manual, packaging, or Prepaid Calling Card shall be made in the same language as that principally used in such advertisement, promotional material, instructional manual, packaging, or Prepaid Calling Card.

## II.

## MONITORING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants, in connection with the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards, are hereby permanently restrained and enjoined from failing to:

A. Obtain contact information from all distributors, sub-distributors, or retailers who purchase Prepaid Calling Cards directly from Defendants. In the case of a natural person, Defendants shall obtain the first and last name, physical address, and telephone number of any such distributor or retailer. In the case of a business entity, Defendants shall obtain the first and

last name, physical address, and telephone number of the natural person who owns, manages, or controls the distributor or retailer;

B. Direct all distributors or sub-distributors who purchase Prepaid Calling Cards directly from Defendants to: (i) promptly provide Point-of-Sale Materials that comply with the terms and conditions of this Order, when such materials are provided by Defendants, to the sub-distributors of the distributors or retail accounts of the sub-distributors; and (ii) instruct their sub-distributors or retail accounts to remove Point-of-Sale Materials that do not comply with the terms and conditions of this Order on a prompt and timely basis, or, in the case of sub-distributors, to direct the sub-distributors to instruct their retail accounts to remove Point-of-Sale Materials that do not comply with the terms and conditions of this Order on a prompt and timely basis;

C. Direct all retailers who purchase Prepaid Calling Cards directly from Defendants to remove Point-of-Sale Materials that do not comply with the terms and conditions of this Order on a prompt and timely basis;

D. Establish, implement, and thereafter maintain a procedure for disseminating any new Point-of-Sale Materials and Prepaid Calling Cards that comply with the provisions of this Order ("Compliant Materials") to all distributors, sub-distributors, and retailers of Defendants' Prepaid Calling Cards before the prior Compliant Materials expire;

E. Establish, implement, and thereafter maintain a procedure for directing that all retailers of Defendants' Prepaid Calling Cards (i) display, in a visible and conspicuous manner, new Compliant Materials at the time such retailers receive them; and (ii) discard expired Compliant Materials at the time such retailers receive the new Compliant Materials;

F. To the extent permitted by state or federal law, immediately terminate the relationship with any direct distributor or sub-distributor of Defendants' Prepaid Calling Cards that Defendants reasonably conclude has refused to (i) promptly offer Point-of-Sale Materials that comply with the terms and conditions of this Order to such distributor's sub-distributors or retail accounts, (ii) direct such distributor's retail accounts to remove Point-of-Sale Materials that do not comply with the terms and conditions of this Order, or (iii) direct the sub-distributors of such distributor to direct the sub-distributors' retail accounts to remove Point-of-Sale Materials that do not comply with the terms and conditions of this Order;

G. To the extent permitted by state or federal law, immediately terminate the relationship with any retailer that purchases Prepaid Calling Cards directly from Defendants where Defendants reasonably conclude that such retailer has refused to promptly discard Point-of-Sale Materials that do not comply with the terms and conditions of this Order;

H. Establish, implement, and thereafter maintain a procedure for routinely monitoring the Talk Minutes, Rates, and/or Additional Charges provided by and/or assessed by the applicable telecommunications carriers ("Carriers") to ensure that there are no Additional Charges, and the Talk Minutes and/or Rates are accurately disclosed to consumers on Prepaid Calling Cards or promotional material for such cards throughout the time period they are in effect, including, but not limited to:

1. obtaining in writing from the applicable Carrier the number of Talk Minutes, Rates, and/or Additional Charges (for example, a "rate deck") prior to the dissemination of any Compliant Materials and the date up to which the number of Talk Minutes and/or Rates will be in effect;

2. testing a random sample of Prepaid Calling Cards to confirm that there are no Additional Charges, and the number of Talk Minutes and/or Rates represented to consumers are actually delivered;

3. obtaining and analyzing a random sample of call detail records, which Defendants will make best efforts to obtain from the Carrier, to confirm that there are no Additional Charges, and the number of Talk Minutes and/or Rates represented to consumers are actually delivered;

4. making best efforts to obtain in writing from the Carrier any changes to the number of Talk Minutes, Rates, and/or Additional Charges, and the time period those changes are in effect; and

5. maintaining complete and accurate written records of all of the foregoing, including any records of discrepancies between the number of Talk Minutes, Rates, and/or Additional Charges represented to consumers and what is actually delivered and/or assessed by the Carrier.

I. Take reasonable steps to remedy the failure of any Carrier to provide accurate, sufficient, or timely information necessary for Defendants to comply with the monitoring provisions of this Order, including, but not limited to, terminating the relationship with any such Carrier to the extent permitted by state or federal law;

J. Establish, implement, and thereafter maintain a procedure for ensuring that Compliant Materials and website representations: (i) reflect the accurate number of Talk Minutes and/or Rates; and (ii) contain clear and prominent disclosures of all Material

Limitations;

K. Notify the Carrier in writing of any complaints Defendants receive, through any source, regarding (i) the alleged failure of a Prepaid Calling Card to provide the advertised number of Talk Minutes and/or Rates or (ii) the imposition on a consumer of any Additional Charges;

L. Make best efforts to obtain from the Carrier copies or other written notice of any complaints the Carrier receives, through any source, regarding (i) the alleged failure of a Prepaid Calling Card to provide the advertised number of Talk Minutes and/or Rates or (ii) the imposition on a consumer of any Additional Charges; and

M. Make best efforts to obtain from the Carrier a written explanation in response to all such complaints.

**III.**

**MONETARY RELIEF**

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of **Sixty-One Thousand, Five Hundred and Ninety-Seven dollars ($61,597.00)** is entered in favor of the FTC and against Defendants jointly and severally.

B. Within ten (10) days of the date of entry of this Order, Defendants, in accordance with directions provided by counsel for the Commission, shall pay to the Commission by wire transfer, certified check, electronic fund transfer, or money order, the sum of Sixty-One Thousand, Five Hundred and Ninety-Seven dollars ($61,597.00).

C. Any funds transferred or paid to the FTC pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly

or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

D. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

E. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

F. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

G. In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identification numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

## IV.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order as follows:

A. Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with Corporate Defendant, is the majority owner or directly or indirectly controls, and the Corporate Defendant, must deliver a copy of this Order to: (i) all principals, officers, directors, and managers who participate in the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards; (ii) all employees, agents, and representatives who participate in the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards; (iii) telecommunications carriers that do business with Defendants related to the subject matter of the Order; (iv) all distributors, sub-distributors, or retailers who purchase Prepaid Calling Cards directly from any Defendant; and (v) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within seven (7) days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each of the following individuals or entities to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order: (i) all principals, officers, directors, and managers who participate in the advertising, distributing, marketing, promotion, offering for

sale, or sale of Prepaid Calling Cards; (ii) all employees, agents, and representatives who participate in the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards; and (iii) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting."

**V.**

**COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission as follows:

A. One hundred and eighty (180) days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1. Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which the Defendant performs services whether as an employee or otherwise and any entity in which the Defendant has any ownership interest; and (c) describe in detail the Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which the Defendant performs services whether as an employee or otherwise and

any entity in which the Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. DR Phone Communications, Inc. and David Rosenthal*, FTC No. X120029.

**VI.**

**<u>RECORDKEEPING</u>**

**IT IS FURTHER ORDERED** that Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years. Specifically, Corporate Defendant engaged in any acts or practices subject to this Order and the Individual Defendant for any business in which he, individually or collectively with Corporate Defendant, is a majority owner or directly or indirectly controls, must maintain the following records in

connection with the advertising, distributing, marketing, promotion, offering for sale, or sale of Prepaid Calling Cards:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. Copies of all sales scripts, training materials, and advertisements or other promotional materials, including but not limited to, Point-of-Sale Materials, newspaper advertisements, radio or television advertisements, websites, e-mail messages, instant messages, Internet "pop-up" advertisements, Internet banner advertisements. The foregoing documents must be maintained in the size and color in which they were created, disseminated, or used;

E. Exemplars of all types, brands, and versions of Prepaid Calling Cards sold (both the front and back of each card, as well as any "hang-tag" or "tear-off" portion of such cards), in the size and color in which each card was sold;

F. Copies of all rate decks, call logs, and other documents that reflect the advertised Talk Minutes and/or Rates, any Additional Charges, and the number of Talk Minutes and/or Rates and Additional Charges actually delivered or imposed on consumers, for each Prepaid Calling Card sold;

G. Documents sufficient to disclose the date on which the documents required to be maintained under sub-paragraphs D, E, and F of this Section were issued or created; and

H. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

**VII.**

**COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any

individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED:**

PLAINTIFF:

Laura Solis      Date: 4/22/13

LAURA M. SOLIS
NADINE S. SAMTER
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
(206) 220-6350

Attorneys for Plaintiff Federal Trade Commission

DEFENDANTS:

________________      Date: 2/18/13

DAVID ROSENTHAL, individually
and as an officer of
DR PHONE COMMUNICATIONS, INC.

________________      Date: 2/15/13

David Korsunksy (SBN 277632)
Law Offices of David Korsunsky
731 Market St., 6th Floor
San Francisco, CA 94103
(415) 294-8784
davidkorsunsky@yahoo.com

Attorney for DEFENDANTS DAVID ROSENTHAL AND DR PHONE COMMUNICATIONS, INC.

**IT IS SO ORDERED**, this _24_ day of _____April_______________, 2013.




U.S. DISTRICT JUDGE SAMUEL CONTI